UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                                                 :

MARÍA ELENA SWETT URQUIETA,            :

                                                              Petitioner,       :      Case No. _____

           - against -                                       :

JOHN FRANCIS BOWE,                            :

                                                    Respondent.      :

------------------------------------------------------------------ x

## **DECLARATION OF JACOB LEWIS**

Jacob Lewis, an attorney admitted to practice in the State of New York and admitted in this Court, hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct:

1. I am a member in good standing of the bar of this Court and am an associate at the law firm Friedman Kaplan Seiler Adelman & Robbins LLP, counsel to Petitioner María Elena Swett Urquieta. I submit this Declaration in support of Ms. Swett's Verified Petition for Return of Child under the Hague Convention.

2. I base this Declaration on documents I have received from Petitioner and the U.S. State Department, and discussions I have had with Petitioner and others who have relevant knowledge of this matter.

3. Attached hereto as Exhibit 1 is a true and correct copy of The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980.

4. Attached hereto as Exhibit 2 is a true and correct copy of the International Child Abduction Remedies Act (ICARA), 22 U.S.C. § 9001 *et seq.*

5. Attached hereto as Exhibit 3 is a true and correct copy of a March 8, 2013 Stipulation and Custody Order entered by the District Court, Family Court Division of Hennepin County, Minnesota.

6. Attached hereto as Exhibit 4 is a true and correct copy of an August 29, 2014 Order entered by the Second Family Court of Santiago, Chile, in both Spanish and English.

7. Attached hereto as Exhibit 5 is a true and correct copy of the birth certificate of S.B.S.

8. Attached hereto as Exhibit 6 is a true and correct copy of a written travel authorization, dated December 23, 2022, by Petitioner María Elena Swett Urquieta.

9. Attached hereto as Exhibit 7 is a true and correct copy of a New York Times article dated January 27, 2010, titled "A Bachelor's Effort to Understand Love," by Julie Scelfo.

10. Attached hereto as Exhibit 8 is a true and correct copy of a photograph of S.B.S.

11. Attached hereto as Exhibit 9 is a true and correct copy of a photograph of Respondent John Francis Bowe.

12. On December 20, 2023, the U.S. Department of State requested that Respondent voluntarily relinquish S.B.S. to the custody of Petitioner. Attached hereto as Exhibit 10 is a true and correct copy of the letter from the U.S. Department of State to Respondent.

13. Respondent has not voluntarily relinquished S.B.S. to the custody of Petitioner.

14. There is a significant risk that Petitioner will suffer irreparable injury if the requested relief is not granted promptly, and her custody rights pursuant to the Hague

Convention, the International Child Abduction Remedies Act ("ICARA"), and Chilean law will continue to be violated by Respondent's illegal conduct.

15. The facts of this case are set forth in greater detail in the Verified Petition submitted contemporaneously with this Declaration.

16. Additionally, the facts contained in the Verified Petition demonstrate Petitioner's likelihood of success on the merits because Petitioner sets forth a *prima facie* case under the Hague Convention and ICARA.

17. Due to the urgency of the situation, the irreparable harm that will result if Respondent flees the jurisdiction, along with the well-being of the child and Petitioner's likelihood of success on the merits, the Court respectfully should grant Petitioner's request for Provisional Remedies, and specifically should, as soon as reasonably practicable, (a) set an expedited hearing on the Petition; (b) issue an order requiring that Respondent immediately surrender any and all of his passports and all of the passports of S.B.S.; and (c) issue an immediate *ex parte* temporary restraining order prohibiting the removal of S.B.S. from the jurisdiction of this Court pending a hearing on the merits of the Verified Complaint.

18. By my signature below, I hereby certify to the Court that, based on the specific facts shown by the Verified Petition, it appears that immediate and irreparable injury, loss, or damage will result to Petitioner before Respondent or his attorney can be heard in opposition to the request for Provisional Remedies, and that the undersigned counsel has made no effort to give notice of this motion to Respondent because, if such notice was provided, it is possible that Respondent would flee from the jurisdiction with S.B.S.

19. No previous application has been made to this Court for the relief requested herein.

Dated: New York, New York
February 23, 2024

*/s/ Jacob Lewis*
_____
Jacob Lewis

4