UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA ELENA SWETT URQUIETA,

                                  Petitioner,

         -v-

JOHN FRANCIS BOWE,

                                  Respondent.

24 Civ. 1379 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

      On February 23, 2024, petitioner Maria Elena Swett Urquieta filed a petition seeking return of her child, S.B.S., pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, October 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89 (the "Hague Convention"), and its implementing legislation, International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq.* Dkt. 1 ("Petition"). On March 4, 2024, the Court held an order to show cause hearing on the Petition, at which counsel for both petitioner and respondent John Francis Bowe appeared. At the conference, the Court indicated its intention to appoint independent *pro bono* counsel to represent the minor child, S.B.S. Counsel for both sides consented to the Court's outreach to potential such counsel. Having done so, the Court hereby appoints Professor Jennifer Baum, director of the child advocacy clinic at St. John's University School of Law, as independent counsel for S.B.S.

      Appointment of independent counsel for a child in cases of this nature is consistent with general practices of district courts in Hague Convention cases. *Johnson v. Johnson*, No. 11 Civ. 37, 2011 WL 569876, at *2 (S.D.N.Y. Feb. 10, 2011); *see, e.g.*, *Lomanto v. Agbelusi*, No. 22 Civ. 7349 (JPO), 2022 WL 17418696, at *1 (S.D.N.Y. Nov. 17, 2022) (finding appointment of

counsel for children in Hague Convention case appropriate); *Sanchez v. R.G.L.*, 761 F.3d 495, 508 (5th Cir. 2014) ("Granting the children representation in appropriate situations is consistent with the Supreme Court's view that 'courts can achieve the ends of the Convention and ICARA—and protect the well-being of the affected children—through familiar judicial tools.'") (quoting *Chaffin v. Chaffin*, 568 U.S. 165, 178 (2013)); *see also* Fed. R. Civ. P. 17(c)(2) ("The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unpresented in an action.").

Appointment of counsel is merited in this case to assure that the independent interests of S.B.S. are adequately represented in a proceeding with potential to determine the country in, and the parent with, which he spends the dominant balance of his childhood. Based on the pleadings and counsels' representations at yesterday's hearing, S.B.S., age 11, grew up in Chile, living with his mother, subject to twice-a-year visits to New York to stay with his father, pursuant to custody orders entered in 2013 and 2014 by courts in the United States and Chile, respectively, providing for this arrangement. For the last 14 months, however, he has lived exclusively in the United States with his father, who is alleged, in apparent contravention of these orders, to have refused to permit S.B.S.'s return to Chile. At issue in this proceeding is whether a defense to the Hague Convention permitted and permits the father to retain the child in the United States or whether S.B.S. must be returned to Chile. The parents have distinct interests that may or may not align with the child's. And petitioner specifically alleges that S.B.S., given his age and location, is vulnerable to manipulation by his father. The Court accordingly finds that S.B.S. would benefit from representation independent from that of either of his parents, as S.B.S.'s "interests [a]re not adequately represented by either party." *Sanchez*, 761 F.3d at 508.

Appointment of independent counsel is particularly advisable here, given the defense's statement of its intention to pursue, among other Hague Convention defenses, the Article 13 "Age and Maturity" affirmative defense. *See In re D.T.J.*, 956 F. Supp. 2d 523, 539 (S.D.N.Y. 2013). Under that defense, if a court finds the child of sufficient age and maturity, the Court must consider the child's views about returning or not to Chile. That inquiry may entail *in camera* questioning of the child by the Court. *See id.* at 527, 539–42. Independent counsel stands to play a vital role in guiding S.B.S. in this delicate and potentially stressful process. *See, e.g., Lomanto*, 2022 WL 17418696, at *1 (finding appointment of counsel for children appropriate in part because "one or more children may be questioned by the Court, whether *in camera* or otherwise"); *Johnson*, 2011 WL 569876, at *6 (appointing counsel for child who was found to have reached an age, degree of maturity, and level of independent thinking where it was appropriate to take his views into account).

The Court thus finds appointment of independent counsel for S.B.S. warranted. The Court further finds Professor Baum, who has served as independent counsel for children in prior Hague Convention cases, well qualified by experience and disposition to take on this responsibility. The Court has confirmed with Professor Baum her availability given the anticipated timetable of this litigation. The Court therefore appoints Professor Baum counsel for the minor child S.B.S. for the limited purpose of assisting the child in understanding the proceedings; articulating his position to the Court; protecting his right to be interviewed and/or provide testimony in a developmentally appropriate manner; and facilitating communication or visitation, as may be appropriate, with Petitioner. This order is without prejudice to the right of parties or counsel to move for its modification—including to expand or clarify Professor Baum's responsibilities or to appoint others to work in coordination with her.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: March 5, 2024
       New York, New York

4