UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARÍA ELENA SWETT URQUIETA,<br><br>Petitioner,<br><br>- v. -<br><br>JOHN FRANCIS BOWE,<br><br>Respondent. | Case No. 24 Civ. 1379<br><br>Hon. Paul A. Engelmayer<br><br>**RESPONDENT JOHN FRANCIS BOWE'S ANSWER TO THE PETITION** |

Respondent John Francis Bowe ("Respondent") by and through his undersigned attorneys, Morvillo Abramowitz Grand Iason & Anello, P.C., hereby answers the allegations in the Petition of María Elena Swett Urquieta ("Petitioner") and states as follows:

## RESPONSES TO THE ALLEGATIONS IN THE PETITION[1]

1. Respondent admits that Petitioner filed a Petition under the Hague Convention and ICARA, and refers to the Petition for its complete contents.

2. Respondent denies that Petitioner consented to or acquiesced to S.B.S. living in New York beyond January 8, 2023 but admits that he is the father of S.B.S. and has retained S.B.S. in New York without consent of Petitioner since January 8, 2023.

3. Respondent denies that Petitioner was awarded "full custody" of S.B.S., and states that the parties had joint legal custody of S.B.S. pursuant to the March 8, 2013 Minnesota Custody Order, which Respondent admits awarded Petitioner certain physical custodial rights. Respondent denies the allegations with respect to the purported August 29, 2014 Custody Order entered in

---

[1] Each paragraph below is a response to the corresponding paragraph in the Petition.

Chile, in that he was not notified of or a participant in that proceeding. Respondent admits that he has had full physical custody of S.B.S. since December 23, 2022.

4. The allegations of this paragraph call for a legal conclusion to which no response is necessary. To the extent a response is necessary, Respondent refers to the referenced statute for its complete contents.

5. Respondent denies the allegations in Paragraph 5 and states that the parties shared joint legal custody of S.B.S. pursuant to the 2013 Minnesota Custody Order. Respondent further denies that he began wrongfully retaining S.B.S. in the United States on February 26, 2023.

6. Respondent denies that he began wrongfully retaining S.B.S. in the United States on February 26, 2023 but admits that S.B.S.'s habitual residence was Chile and that Respondent retained S.B.S. in New York without Petitioner's consent starting January 8, 2023.

7. Respondent denies that he began wrongfully retaining S.B.S. in the United States on February 26, 2023 but admits that Petitioner had custodial rights over S.B.S. and that she was exercising those custodial rights at the time S.B.S. was retained in the United States.

8. The allegations in paragraph 8 call for a legal conclusion to which no response is necessary. To the extent a response is necessary, Respondent refers to the statute cited for its complete contents and denies that Petitioner is entitled to any relief thereunder.

9. Respondent admits that numerous federal courts have interpreted the Hague Convention and ICARA, and refers to those decisions for their complete contents.

10. Respondent admits that Petitioner has requested return of S.B.S. to Chile, but states that the request should be denied.

11. Respondent denies that Petitioner had sole legal custody of S.B.S. at any time but admits that Petitioner is the mother of S.B.S. and is a resident of Chile.

12. Respondent admits that he is the father of S.B.S., a resident of New York, and an American citizen.

13. The allegations in Paragraph 13 call for a legal conclusion to which no response is necessary. To the extent a response is necessary, Respondent admits that this Court has jurisdiction over this case.

14. The allegations in Paragraph 14 call for a legal conclusion to which no response is necessary. To the extent a response is necessary, Respondent admits that venue is proper.

15. Respondent admits the allegations in Paragraph 15 but states that he also has his own business as a speech and presentation expert and consultant.

16. Respondent denies that he and Petitioner "planned that S.B.S. would be born in Chile and made appropriate arrangements for the delivery at a clinic in Chile," but admits the other allegations in Paragraph 16.

17. Respondent denies that the parties shared a "mutual intent" to live in Chile together at any time but admits the other allegations in Paragraph 17.

18. Respondent admits the allegations in Paragraph 18.

19. Respondent admits the allegations in Paragraph 19.

20. Respondent denies the allegations in Paragraph 20 but admits that he allowed a process server into his home to serve Petitioner. Respondent further admits that the Minnesota court entered an Order in March 2013 and refers to that document for its complete contents, including the provision requiring that Respondent have "unrestricted parenting time with S.B.S. a minimum of 90 days/nights per year" in addition to unrestricted contact.

21. Respondent denies the allegations in Paragraph 21 but admits that S.B.S. primarily resided in Chile prior to his visit to the United States starting December 23, 2022.

22. Respondent denies that he began wrongfully retaining S.B.S. in the United States on February 26, 2023 but admits that, prior to his December 23, 2022 visit, S.B.S. would always return to Chile following his visits with Respondent, and that S.B.S. attended school and had medical check-ups in Chile. Respondent admits that he retained S.B.S. without the consent of Petitioner beginning on January 8, 2023.

23. Respondent admits that S.B.S. is eleven (11) years and nine (9) months old. The remaining allegations in Paragraph 23 call for a legal conclusion to which no response is necessary. To the extent a response is necessary, Respondent refers to the statute for its complete contents.

24. Respondent admits that Petitioner signed a written travel authorization on December 23, 2022 that permitted S.B.S. to travel to the United States until January 8, 2023 to stay with him, and refers to that document for its complete contents.

25. Respondent denies the allegations in Paragraph 25 but admits that he informed Respondent on or about January 8, 2023, as well as other times prior to February 26, 2023, that he would not send S.B.S. back to Chile due to concerns for S.B.S.'s well-being.

26. Respondent states that his retention of S.B.S. without Petitioner's consent began on January 8, 2023 but admits that he reaffirmed to Petitioner that he would not be returning S.B.S. to Chile on February 23, 2023.

27. Respondent states that Petitioner could have visited S.B.S. in the United States at any time, and that she has had continuous remote contact with S.B.S. to the present, but admits that Petitioner has not been physically with her son since December 23, 2022.

28. Respondent denies the allegations in Paragraph 28 but states that his retention of S.B.S. without Petitioner's consent began on January 8, 2023.

29. Respondent denies that S.B.S. was abducted from Chile, and states that the remaining allegations in Paragraph 29 call for legal conclusions as to which no response is necessary. To the extent a response is necessary, Respondent states that he lacks knowledge of Chilean Law and that S.B.S. was retained in the United States without Petitioner's consent starting January 8, 2023.

30. The allegations in Paragraph 30 call for legal conclusions to which no response is necessary. To the extent a response is necessary, Respondent admits that S.B.S. was retained in the United States without Petitioner's consent starting January 8, 2023, and that Petitioner had been exercising her custodial rights at the time.

31. Respondent denies that retention began on February 26, 2023. The remaining allegations in Paragraph 31 call for legal conclusions to which no response is necessary. To the extent a response is necessary, Respondent admits that S.B.S. was habitually resident in Chile at the time he was retained in the United States without consent of the Petitioner on January 8, 2023.

32. Respondent lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 32, which describe Petitioner's knowledge.

33. The allegations in Paragraph 33 call for legal conclusions to which no response is necessary. To the extent a response is necessary, Respondent refers to the statute cited for its complete contents.

34. The allegations in Paragraph 34 call for legal conclusions to which no response is necessary. To the extent a response is necessary, Respondent refers to the statute cited for its complete contents.

35. The allegations in Paragraph 35 call for legal conclusions to which no response is necessary. To the extent a response is necessary, Respondent admits that S.B.S. was habitually

resident in Chile at the time he was retained in the United States without Petitioner's consent on January 8, 2023.

36. The allegations in Paragraph 36 call for a legal conclusion to which no response is necessary. To the extent a response is necessary, Respondent refers to the documents and statutes cited for their complete contents, denies that Petitioner had "full custody" of S.B.S., and states that he was not notified of nor a participant in any proceeding that resulted in the purported 2014 Chilean Custody Order. Respondent admits that Petitioner had custodial rights over S.B.S.

37. Respondent denies the allegations in Paragraph 37 but admits that he brought S.B.S. from Chile to New York on December 23, 2022 with Petitioner's express written authorization, as he had done nearly every year in the past. Respondent admits that Petitioner's written authorization required S.B.S. to return on January 8, 2023.

38. Respondent denies the allegations in Paragraph 38 except admits that S.B.S. is currently living with Respondent in the State of New York, New York County.

39. Respondent admits that S.B.S. is living at the address stated.

40. Respondent admits that the Child is eleven (11) years and nine (9) months old. The remaining allegations in Paragraph 40 call for a legal conclusion to which no response is necessary. To the extent a response is necessary, Respondent refers to the statute cited for its complete contents and states that Petitioner did not consent to S.B.S. remaining in the United States after January 8, 2023.

41. The allegations in Paragraph 41 describe Petitioner's request of the Court, to which no response is necessary. To the extent a response is necessary, Respondent admits that Petitioner has made the requests listed to the Court.

42. The allegations in Paragraph 42 call for legal conclusions to which no response is necessary. To the extent a response is necessary, Respondent refers to the statute cited for its complete contents and denies that this case necessitates injunctive relief.

43. Respondent denies the allegations in Paragraph 43 of the Petition.

44. Respondent denies the allegations in Paragraph 44 of the Petition, including the allegation that he poses a substantial risk of flight. Respondent further notes that he has his own business as a speech and presentation expert and consultant.

45. The allegations in Paragraph 45 state Petitioner's subjective belief as to which Respondent lacks information sufficient to form a belief. Respondent denies the accuracy of the stated belief.

46. Respondent lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph. To the extent a response is necessary, Respondent was informed that Petitioner has engaged pro bono counsel.

47. The allegations in Paragraph 47 state a request of the Petitioner to the Court, to which no response is necessary. To the extent a response is necessary, Respondent refers to the statute cited for its complete contents, admits that Petitioner has made a request for costs and fees, and states that the request should be denied.

48. Respondent states that the allegations in Paragraph 48 state Petitioner's intent with respect to future action, as to which Respondent lacks knowledge and information sufficient to form a belief. Respondent states that Petitioner's request for costs and fees should be denied.

49. Respondent states that the allegations in Paragraph 49 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Respondent refers to the statute for its complete contents, and admits that he was given notice of a hearing in this action.

## **DEFENSES**

Without undertaking any burden of proof not otherwise assigned to him by law, Respondent asserts the following defenses with respect to each Petitioner's claims in the Petition.

### **FIRST DEFENSE: GRAVE RISK OF HARM**
*Article 13(b) of the Hague Convention*

If returned to Chile, there is a grave risk that S.B.S. would be exposed to physical or psychological harm or otherwise be placed in an intolerable situation.

### **SECOND DEFENSE: ONE YEAR AND SETTLED**
*Article 12 of the Hague Convention*

The Petition was not filed within one year of the date of wrongful retention, and S.B.S. is now settled in his new environment.

### **THIRD DEFENSE: SUFFICIENT AGE AND MATURITY THAT THE CHILD'S PREFERENCES SHOULD BE TAKEN INTO ACCOUNT**
*Article 13 of the Hague Convention*

S.B.S. objects to being returned to Chile and has attained an age and degree of maturity at which it is appropriate to take account of its views.

Dated: March 13, 2024

            Respectfully submitted,

            By: */s/ Karen R. King*
            **MORVILLO ABRAMOWITZ GRAND IASON & ANELLO, P.C.**
            Karen R. King
            Kathleen E. Cassidy
            Abbe R. Ben-David
            565 Fifth Avenue
            New York, New York 10017
            Tel: (212) 856-9600
            kking@maglaw.com

            *Counsel for Respondent John Bowe*

## **VERIFICATION**

  I, John Francis Bowe, declare and affirm under the penalties of perjury and the laws of the United States of America, that I am the Respondent in the within action and have read the foregoing Response/Answer and know the contents of the foregoing are true, to the best of my knowledge, except as to those matters alleged upon information and belief.

Dated:  March 13, 2024
     New York, New York

*John Bowe*

_____