

**FRIEDMAN KAPLAN**

JACOB LEWIS
jlewis@fklaw.com
212.833.1174

June 12, 2024

VIA ECF

Hon. Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

        Re:   *Maria Elena Swett Urquieta v. John Francis Bowe*,
              1:24-cv-01379-PAE (S.D.N.Y.)

Dear Judge Engelmayer:

      This firm represents Petitioner in the above-referenced action. We write jointly with counsel for Respondent and counsel for S.B.S. to request to redact certain portions of the trial transcript in this action under Your Honor's Individual Rules and Practices in Civil Cases 4.B.2.

      While the redacted materials are "judicial documents" to which a presumption of public access applies, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006); *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016), that presumption is to be balanced against countervailing factors, such as whether the documents "should remain confidential to safeguard . . . privacy" interests, *D.J.C.V. v. United States*, 2023 WL 3775283, at *2 (S.D.N.Y. June 2, 2023) (Engelmayer, J.) (granting sealing application); *see also United States v. Bannister*, 2023 WL 2596890, at *4 n.1 (S.D.N.Y. Mar. 22, 2023) ("'[S]ubject matter [that] is traditionally considered private rather than public' will weigh 'heavily against access.' . . . This includes certain 'financial records . . . , family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters.") (Engelmayer, J.) (granting sealing application).

      Redactions are particularly appropriate for filings (and testimony) that "relate to sensitive issues involving children as well as medical and mental health records." *LeClair v. Raymond*, 2021 WL 105768, at *9 (N.D.N.Y. Jan. 12, 2021) ("To the extent that the information contained therein is relevant and necessary to this decision, those facts are contained within the decision itself. There is no further need to disclose to the public this confidential information, and therefore the privacy interests of the individuals outweigh the public's right to view these documents."); *see also Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (allowing redaction of "sensitive personal information"); *Spring v. Allegany-Limestone Cent. Sch. Dist.*, 2021 WL 4166628, at *1

The Honorable Paul A. Engelmayer      - 2 -      June 12, 2024

(W.D.N.Y. Sept. 14, 2021) (granting motion to seal student's medical records, IEP, and psychosocial evaluation); *J.L. on behalf of J.P. v. New York City Dep't of Educ.*, 2024 WL 291218, at *3 (S.D.N.Y. Jan. 25, 2024) ("I find that the children's privacy interests in their identities and their specific medical and educational information outweighs the public interest in this information.").

Here, the portions of the trial testimony that Petitioner, Respondent, and S.B.S. seek to redact relate to S.B.S., a young child who is a non-party to this proceeding. Moreover, many if not all of the portions of the trial transcript that the Parties seek to redact implicate S.B.S.' privacy interests, including but not limited to S.B.S.'s privacy interest in his own medical records. Further, the Court has already previously ordered that the testimony of Dr. Attie, Dr. Favaro, and Dr. Gomez be sealed. *See* Trial Tr. 747:24–748:4 ("With respect to the transcript, the transcript, therefore, of this witness's [Attie] testimony is also sealed such that it is to be available only to counsel and the parties to this case and to the Court."). Accordingly, redaction of this confidential and sensitive information regarding a non-party child is appropriate here. *See, e.g., D.J.C.V.*, 2023 WL 3775283, at *2 (S.D.N.Y. June 2, 2023); *Bannister*, 2023 WL 2596890, at *4 n.1; *LeClair*, 2021 WL 105768, at *9; *Dodona I*, 119 F. Supp. 3d at 156; *Spring*, 2021 WL 4166628, at *1; *New York City Dep't of Educ.*, 2024 WL 291218, at *3.

The Parties continue to work jointly to identify and agree upon proposed redactions to the trial exhibits, and expect to submit a similar request respecting such exhibits shortly. We are available at the Court's convenience to discuss this application.

Respectfully submitted,

*/s/ Jacob Lewis*
Jacob Lewis

Granted. The Court wishes counsel well.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge
June 13, 2024